September 28, 2026

*Via Electronic Filing (CM/ECF)*

The Honorable Lisa J. Cisneros
United States Magistrate Judge
United Stated District Court, Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Immigrant Legal Defense v. U.S. Dep't of Justice et al.,* Case No.: 3:26-cv-05711-LJC

Dear Judge Cisneros:

Plaintiff Immigrant Legal Defense ("Plaintiff") and Defendants U.S. Department of Justice ("DOJ") and the Executive Office for Immigration Review ("EOIR") (collectively, "Defendants") hereby jointly submit this letter regarding their dispute relating to the search and production of responsive records in the above-captioned case, pursuant to Section F.5 of the Court's Civil Standing Order. The Parties have communicated by email and video-conference and were unable to resolve the disputed issues in this case, as described below.

**Background**

Plaintiff filed this lawsuit after Defendants failed to search or produce records in response to three Freedom of Information Act (FOIA) requests. Plaintiff filed the first two requests on December 19, 2025 for (1) records pertaining to high-level communications between Board of Immigration Appeals (BIA) board members and senior officials in the White House and/or the Department of Homeland Security (DHS) to gain more insight into the drastic shift in BIA composition and that administrative body's rapid-fire issuance of precedential decisions largely unfavorable to noncitizens; and (2) records pertaining to the resignations, firings, reassignments, demotions, or other departures of immigration judges to understand why Defendants fired certain judges. *See* Dkt. 1-2, 1-3. On April 21, 2026, Plaintiff filed a third FOIA request to uncover records pertaining to reports of instructions from Defendant EOIR to immigration judges to categorically deny bond to noncitizens. *See* Dkt. 1-4.

Both prior to and since the commencement of the litigation, Defendants have failed to produce a single document in response to Plaintiff's FOIA requests. Nor have Defendants searched for responsive records. As a result, the quantity of potentially responsive records remains unknown.

In advance of the case management conference, Plaintiff proposed that Defendants produce only those records held by the custodians identified by name in the FOIA requests (and not also those custodians named by title, but not by name, as was the case when Plaintiff was unaware of the name). This limitation was solely for the purpose of ascertaining the scope of responsive records; Plaintiff continues to seek the records held by all custodians. Defendants did not respond to this proposal.

After the case management conference on September 10, 2026, and following a meet and confer on September 22, 2026. The Parties could not meet by video-conference until September 22, 2026, because the Defendant agencies did not respond until that date. Plaintiff further agreed to limit the scope of responsive records to emails, Microsoft Teams (or similar platform) messages, and electronic calendar entries, as well as proposed custodians and a proposed schedule for production of responsive records. This limitation was also solely for the purpose of ascertaining the scope of responsive records. Plaintiff continues to seek all responsive records as detailed in the FOIA requests.

To date, Defendants have provided no response to Plaintiff regarding the narrowed scope of the proposed search and production of records.

**Joint Statement of Agreed and Disputed Facts**

The parties agree that:

- Defendants have not conducted any searches for responsive records.
- The scope of responsive records is not known.
- Defendants have not produced any responsive records.
- Defendants do not contest their ability to search for or produce responsive records.

That parties disagree as follows:

**Plaintiff's Position**

Plaintiff's position is that Defendants have violated FOIA by failing to search for or produce a single responsive record. The FOIA requests were filed in December 2025 and April 2026. They concern matters of immense public interest, namely the firings of scores of immigration judges; the issuance of a record number of precedent opinions by the Board of Immigration Appeals; almost all of which rule against the noncitizen, and the practice of immigration judges of denying bond in all cases.

Defendants' actions directly contravene FOIA. Defendants' failure to conduct *any* search (much less one within the timeline in the statute) directly violates FOIA. *See* 5 U.S.C. 552(a)(3). Defendants must prove, "beyond material doubt" to have "undertaken all reasonable measures to uncover all relevant documents." *Transgender Law Center v. ICE*, 46 F.4th 771 (9th Cir. 2022).

Defendants have also violated FOIA by failing to produce a single responsive record, even though Plaintiff filed the three FOIA requests at issue on December 19, 2025 (248 days ago) and April 21, 2026 (125 days ago). FOIA requires agencies to make requested records "promptly available." 5 U.S.C. § 552(a)(3)(A). Depending on the circumstances, "promptly" generally means "within days or a few weeks of a 'determination,' not months or years." *Sierra Club v. US. EPA,* No. 18-cv-03472-EDL, 2018 WL 10419238, at *5 (N.D. Cal. Dec. 26, 2018) (citing *Citizens for Responsibility & Ethics in Washington v. FEC,* 711 F.3d 180, 188-90 (D.C. Cir. 2013)).

As the Ninth Circuit has recently stated: If an agency fails to produce responsive documents, a district court may "enjoin the agency from withholding agency records and ... order the production

of any agency records improperly withheld from the complainant." *Kinnucan v. National Security Agency*, __ F.4th __, 2026 WL 2472482 (9th Cir. Aug. 24, 2026) (citing and quoting 5 U.S.C. 552(a)(4)(B) (emphasis in original omitted).

At this juncture, Plaintiff asks the Court to enter an order that Defendants must conduct and complete a search for responsive records as to each of Plaintiff's three FOIA requests within 30 days of an order by this Court. Plaintiff further asks the Court to order that Defendants make an initial production of 500 responsive records per each of Plaintiff's three FOIA requests within 60 days of any order by the Court, that is, within 30 days of the completion of respective searches. Plaintiff remains amenable to revisiting a production schedule based on the results of an adequate search for responsive records as to Plaintiff's three FOIA requests, as required by statute.

**<u>Defendants' Position</u>**

Counsel for Defendants believe that the parties will be able to come up with a stipulation regarding the scope of initial searches and a timeline for running the searches to determine the number of hits. Defense counsel and agency counsel have had difficulty connecting to discuss Plaintiff's proposals and have been unable to connect at important moments when responses were due to the Court. Counsel for Defendants and agency counsel have reviewed the proposals together and thus believe that an agreement is possible, but defense counsel could not confirm an agreement with agency counsel prior to this submission. As noted below, Defendants do agree with the proposal regarding one of the FOIA requests.

First, with regard to Plaintiff's arguments regarding FOIA violations, Defendants reserve those arguments for summary judgment and will not respond here – given that the goal here is to get initial searches underway.

Second, and importantly, all of Plaintiff's FOIA requests are in the nature of lists of search terms and custodians for the purposes of having the agency run searches in electronic databases. Until those searches are run, it is impossible to know both (1) the quantity of records returned as hits and (2) the types of records that are returned as hits and thus how much time it will take for manual processing and redactions. For that reason, Defendants respectfully request that an order ***not*** include any dates for production. Defendants commit to quickly and meaningfully meeting and conferring with Plaintiffs about the production schedule when the number of responsive records is known. Defendants submit the only deadline should be the one for running searches.

Third, Defense counsel and agency counsel were able to confirm that Plaintiff's proposal with respect to the IJ Firings FOIA (the second request listed above) is acceptable. Defendants thus agree with an order reflecting the following language proposed by Plaintiff:

> As to the IJ Firings FOIA, Plaintiffs agree to an initial, limited search as follows: Responsive records are limited to emails. The custodians of the records are limited to the following individuals: Sirce Owen, Theresa Riley, Keith Hunsucker, Kevin Riley, Philip Taylor, Khalilah Taylor, Darren Margolin, Roman Chaban, James McHenry, Michael Tennyson, Linda Williams, Robert Barry, Rachel Alvarado, and Catherine Quinn. The search terms are those included in the original FOIA request.

With regard to the other two FOIA requests, Defendants ask the Court ***not*** to include them in an order requiring searches, but instead to give the parties one additional week to reach a stipulation on the scope of the agreement, and to submit a stipulation and a dispute letter addressing any disputed items. Defendants are confident an agreement can be reached with additional time. Defense counsel is not confident that agency counsel could comply with the order proposed by Plaintiffs in this dispute letter and would like an opportunity to reach an agreement with Plaintiffs on the other two requests.

Respectfully submitted,

*/s/ Claudia Valenzuela*

Claudia Valenzuela
IMMIGRANT LEGAL DEFENSE
*Attorney for Plaintiff*

Respectfully submitted,

*/s/ Stuart C. Plunkett*

Stuart Plunkett
UNITED STATES ATTORNEY'S OFFICE
*Attorney for Defendants*

**ATTESTATION**

In compliance with Civil L.R. 5-1(i)(3), I, Claudia Valenzuela, attest that I have obtained concurrence in the filing of this document from each of the other signatories.

Dated: September 28, 2026 By: */s/ Claudia Valenzuela*

CLAUDIA VALENZUELA